UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT CRISOSTOMO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-072-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Robert Crisostomo is confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Crisostomo has filed a Complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 4] The Court conducts a preliminary review of Crisostomo's Amended Complaint because he asserts claims against government officials. 28 U.S.C. § 1915A.[1] When testing the sufficiency of the plaintiff's Amended Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

On May 7, 2003, Crisostomo and eighteen others were indicted for their participation in an extensive cocaine trafficking ring in Austin, Texas. In December 2003, Chrisotomo signed a written agreement to plead guilty. Although the plea agreement conditionally called

---

[1] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

for a sentence of no more than 360 months, while awaiting trial as a pretrial detainee Crisostomo was caught in possession of, and possibly dealing in, marijuana, thus violating a proviso that he commit no new criminal acts prior to sentencing. The government sought and obtained a longer sentence. On April 12, 2004, Chrisostomo was sentenced to a 420-month term of incarceration. *United States v. Crisostomo*, No. 1:03-CR-144-SS-2 (W.D. Tex. 2003) [Record Nos. 1, 593, 786, 1052, 1053 therein].

Crisostomo alleges that during the criminal proceedings against him, the prosecution recommended that the Bureau of Prison ("BOP") keep him separated from two of his co-defendants (Danny Mata and Cleto Duran). [Record No 1 at 2] He readily admits, indeed asserts, that he, Mata, and Duran are members of the "Texas Syndicate Organization," a well-known prison gang. [Record No. 4-1 at 1] See https://en.wikipedia.org/wiki/Texas Syndicate (last visited on December 8, 2016).

Crisostomo indicates that the BOP has entered an order requiring that he remain separated from Mata and Duran. Crisostomo asserted in his inmate grievances that the separation order should be dropped because he has no conflict with his former co-defendants. [Record No. 4-2 at 2, 4] In his Amended Complaint, he contends the separation order violates his due process rights under the Fifth Amendment because the decision is arbitrary, capricious, and an abuse of discretion. He seeks an order directing the BOP to rescind the separation order. [Record No 1 at 4, 8]

The Court concludes that the Amended Complaint must be dismissed for failure to state a claim. First, Crisostomo has no constitutionally-protected liberty interest in being housed in any particular prison, nor does the Due Process Clause protect him from being transferred from

one institution to another. *Mader v. Sanders*, 67 F. App'x 869, 871 (6th Cir. 2003); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Absent such a protected liberty interest, an inmate can state no viable due process claim arising out of his prison placement, including a placement far removed from those with whom he wishes to associate such as family, friends or fellow gang members. Cf. *Miller v. Turner*, 26 F. App'x 560, 563-64 (7th Cir. 2001) (separatee lacks due process interest regarding placement in or transfer to or from particular institution); *Londono v. Coakley*, No. 4:13-CV-270, 2013 WL 4828670, at *2-3 (N.D. Ohio Sept. 9, 2013); *Register v. Lappin*, No. 07-CV-136-JBC, 2007 WL 2020243, at *4-5 (E.D. Ky. July 6, 2007); *Stapleton v. Patton*, No. 07-CV-99-HRW, 2007 WL 3124713, at *3-5 (E.D. Ky. Oct. 24, 2007).

Second, the BOP's decision to separate Crisostomo from Mata and Duran amply passes constitutional muster. The BOP's determination where best to house a particular inmate is governed by 18 U.S.C. § 3621(b), which sets forth a non-exclusive list of factors that may be considered when making the placement decision. Because the statute affords the BOP broad discretion, it does not create any liberty interest enforceable under the Due Process Clause. Cf. *Trowell v. Beeler*, 135 F. App'x 590, 595 (4th Cir. 2005); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). The BOP's placement decisions are also expressly insulted from scrutiny or judicial review under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. See 18 U.S.C. § 3625.

Finally, the BOP's decision to identify Crisostomo, Mata, and Duran as "separatees" is in full accord with the controlling BOP regulations. The appropriateness of such a designation, formally known as a "Central Inmate Monitoring" or "CIM" classification, is set forth in 28

C.F.R. § 524.72. Inmates should be identified as "separatees" if they "belong to or are closely affiliated with groups (e.g., prison gangs), which have a history of disrupting operations and security in either state or federal penal (which includes correctional and detention facilities) institutions. This assignment also includes those persons who may require separation from a specific disruptive group." § 524.72(d). Here, Crisostomo candidly admits that he and his cohorts are members of a well-known prison gang. Because of this affiliation, the prosecutor rightly requested, and the BOP appropriately agreed, that Crisostomo should be separated. See § 524.72(f) (separatees "may not be confined in the same institution … with other specified individuals who are presently housed in federal custody or who may come into federal custody in the future. … This assignment may also include inmates from whom there is no identifiable threat, but who are to be separated from others at the request of the Federal Judiciary or U.S. Attorneys.")

The BOP's designation was in full accord with the applicable regulations, and Crisostomo's allegations fail to state any viable claim for violation of his constitutional rights. Accordingly, it is hereby

**ORDERED** that Crisostomo's Petition [Record No. 1] and Amended Complaint [Record No. 4] is **DISMISSED**, with prejudice, and this matter is **STRICKEN** from the docket.

This 9th day of December, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge